**Juan Angel GARZA–GARCIA, Petitioner**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 07–60809
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 17, 2008.

Jodilyn Marie Goodwin, Jodi Goodwin Law Office, Harlingen, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, E.M. Trominski, District Director, U.S. Immigration & Naturalization Service District Directors Office, Harlingen, TX, for Respondent.

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM: *

Juan Angel Garza–Garcia (Garza) petitions this court for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's order denying his application for a waiver of removability under former § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). The BIA concluded that Garza was not eligible for a waiver because he was found removable as an aggravated felon as that term was defined in § 101(a)(43)(F) of the INA and because § 101(a)(43)(F) did not have a "comparable ground" of inadmissibility under § 212(a) of the INA.

Garza argues that the BIA's application of the comparable grounds test to deny him a § 212(c) waiver violates his right to equal protection because it treats him differently than other similarly situated aliens. This argument is foreclosed under the law of this circuit. *See Vo v. Gonzales,* 482 F.3d 363, 371–72 (5th Cir.2007). Garza's assertion that this court should adopt the equal protection analysis set forth by the Second Circuit in *Blake v. Carbone,* 489 F.3d 88 (2d Cir.2007), would require that *Vo* be overruled. "Absent an en banc or intervening Supreme Court decision, one panel of this court may not overrule a prior panel's decision." *United States v. Rodriguez–Jaimes,* 481 F.3d 283, 288 (5th Cir.2007). Accordingly, the petition for review is DENIED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.